Terry DUHART, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–243–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1994.

Virginia Koblizek, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Douglas M. Standriff, Asst. Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

A jury found appellant guilty of aggravated sexual assault of a child under the age of fourteen, and the trial court assessed punishment at twenty-five years imprisonment. Under both the state and federal constitutions, appellant attacks the effectiveness of his trial counsel's performance. We affirm.

## FACTS

In November of 1991, the four-year-old female complainant first mentioned to three family members that appellant had violated her. The complainant illustrated the act with two dolls. The three witnesses to this outcry did not notify the authorities until eleven months had passed; official intervention into the case began only after an altercation between appellant and the complainant's family. In the course of this dispute be-tween appellant and the complainant's family, appellant admitted that he had molested the complainant.

The jury heard testimony regarding the credibility of the child complainant. Testimony during trial also encompassed the statements of the outcry witness and the two juvenile family members who also heard the complainant's outcry. Several family members testified that they witnessed the altercations between appellant and the complainant's family. These witnesses to the altercations testified that appellant was drunk during the disputes and that they heard appellant admit that he had molested the child.

■ In two related points of error, appellant claims ineffective assistance of counsel under the state and federal constitutions, respectively. The Texas Court of Criminal Appeals has held that the Texas Constitution's guarantee of a right to counsel does not exceed the parallel guarantee under the Sixth and Fourteenth Amendments to the United States Constitution. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). Accordingly, we evaluate both claims with reference to the standard announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Under *Strickland*, a meritorious claim of ineffective assistance will show how specific acts or omissions of counsel failed to meet two distinct criteria of effectiveness. *Id.* at 687, 104 S.Ct. at 2064. Appellants must overcome the presumption that counsel's performance lies within the scope of competent assistance, as judged without hindsight, to show that the assistance of counsel was unreasonably deficient. *Id.* at 687–91, 104 S.Ct. at 2064–67. Additionally, appellants must show that counsel's deficient assistance was so likely to have corrupted the result of the proceeding as to undermine confidence in the fairness of the judgment. *Id.* at 687, 691–94, 104 S.Ct. at 2066–68.

As the basis for his ineffective assistance claim, appellant identifies four specific in-

stances where trial counsel omitted objections that might have been raised:

(1) counsel should have objected to repeated testimony regarding the truth of the complainant's testimony;

(2) counsel should have objected to testimony regarding appellant's violent confrontations with the complainant's family, both at trial and during closing arguments;

(3) counsel should have objected to cumulative testimony regarding the complainant's outcry and appellant's confrontations with the complainant's family; and

(4) counsel should have objected to the jury charge.

## TESTIMONY REGARDING OTHER WITNESSES' TRUTHFULNESS

■ The first of appellant's four grievances involves testimony concerning the credibility of the complainant's testimony. Trial counsel did not object when the complainant's grandmother testified that she believed the complainant's story. Furthermore, trial counsel elicited testimony in which the complainant's mother said that she believed the complainant's accusations.

■ In many circumstances, testimony from one witness regarding the credibility of testimony from another witness is objectionable. *Ayala v. State*, 352 S.W.2d 955, 956 (Tex.Crim.App.1962); *Miller v. State*, 757 S.W.2d 880, 883 (Tex.App.—Dallas 1988, pet. ref'd) (considering testimony regarding the truthfulness of a child complainant); *Kirkpatrick v. State*, 747 S.W.2d 833, 836 (Tex. App.—Dallas 1987, pet. ref'd) (considering expert testimony regarding the truthfulness of a child complainant). Nevertheless, our review of the brief record in this case reveals that appellant's trial counsel allowed the disputed testimony for tactical purposes.

Appellant's trial counsel attempted to impeach the credibility of the complainant's family by showing the discrepancy between their professed belief of the complainant and their subsequent inaction. This tactic is illustrated by the following excerpt from trial counsel's closing argument:

[I]t took over a year to do anything. She told her sister, but nothing ever happened.

In fact, these people knew that [the complainant and the complainant's mother] still lived with this man. They knew that. Yet they got on the stand and they testified and cried and were emotional about what this man had done to this girl. This is a year and a half later.

Because it appears that appellant's trial counsel omitted objection to the disputed testimony for strategic reasons, we cannot second guess appellant's trial counsel. *Strickland*, 466 U.S. at 689–90, 104 S.Ct. at 2065–66 (discussing the latitude that counsel must enjoy to pursue his or her trial strategy).

■ The presumption of effectiveness of counsel includes great deference in the assessment of trial strategy. *Id.; Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex.Crim.App. 1994) (discussing the wide scope of the presumption in favor of trial counsel's tactical decisions). Under the limited facts of record, this deference shields trial counsel's decision to allow the objectionable testimony so that the decision cannot form the basis for reversal on direct appeal. *See Jackson*, 877 S.W.2d at 772–73 (J. Maloney, concurring) (discussing the greater utility of attacking trial counsel's strategy through habeas corpus proceedings); *Brown v. State*, 881 S.W.2d 582, 589 (Tex.App.—Corpus Christi 1994, n.p.h.) (discussing how the sound-trial-strategy presumption affects the evaluation of trial counsel's performance).

## TESTIMONY REGARDING APPELLANT'S CONFRONTATIONS

■ The second aspect of appellant's ineffective assistance claim concerns the trial counsel's decision to allow testimony regarding appellant's violent confrontations with the complainant's family. This testimony culminated in the admission of evidence that the altercations resulted in appellant's arrest for public intoxication and for making terroristic threats. Appellant argues that the failure to object to this evidence permitted the jury to consider extraneous unadjudicated crimes as well as appellant's criminal character.

■ As with the testimony regarding the credibility of other witnesses, the testimony about appellant's extraneous offenses and

criminal nature is objectionable in many circumstances. *See Harrell v. State,* 884 S.W.2d 154, 155–161 (Tex.Crim.App.1994) (discussing State's burden in submitting evidence of an extraneous offense into guilt-adjudication phase of trial); *Lockhart v. State,* 847 S.W.2d 568, 570–71 (Tex.Crim.App. 1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993) (discussing admissibility of extraneous bad acts that defendant may have committed); *Jones v. State,* 587 S.W.2d 115, 119 (Tex.Crim.App.1978) ("It's well established that an accused may not be tried for some collateral crime or for being a criminal generally.") Again, however, trial counsel's efforts to elicit reports illustrating appellant's state of mind during the altercations suggest a tactical advantage in allowing this testimony.

At trial, appellant did not deny that he told the complainant's family that he had committed the charged crime. Appellant's drunkenness and anger at the complainant's family were the only excuses that appellant could offer to explain why he said that he had molested the child if this was not true. Testimony establishing appellant's intoxicated and irrational manner when he admitted the crime are the only factors mitigating the effect of appellant's admission. Consequently, the testimony regarding the extraneous crimes served to undermine appellant's confession.

■ As we have previously noted, a daring tactic "although risky, is sometimes successful" and so does not vitiate either the presumption of counsel's effectiveness or the deference in the assessment of strategy. *Lynn v. State,* 860 S.W.2d 599, 603 (Tex. App.—Corpus Christi 1993, pet. ref'd). Accordingly, the record in this case does not present sufficient evidence to support the conclusion that trial counsel's decision cannot be considered sound trial strategy. *See Powers v. State,* 727 S.W.2d 313, 316 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) ("A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record."); *cf. Jackson,* 877 S.W.2d at 772–73 (J. Maloney, concurring) (discussing the unsuitability of the record on direct appeal to serve as the basis for an inquiry into trial counsel's trial strategy).

## CUMULATIVE TESTIMONY

■ The third category of omitted objections that underlies the claim of ineffective assistance pertains to cumulative testimony. Specifically, appellant complains of cumulative testimony from the three witnesses to the outcry and cumulative testimony about the confrontations between appellant and the complainant's family. As discussed above, it appears that trial counsel may have allowed the disputed testimony to impeach the complainant's family and to mitigate the effect of appellant's admission of guilt.

Because appellant's trial counsel may have allowed this cumulative testimony for tactical reasons, we cannot deduce from the record whether trial counsel's strategy was adequate. *See Jackson,* 877 S.W.2d at 772–73 (J. Maloney, concurring); *Powers,* 727 S.W.2d at 316. But even if appellant could rebut the strong presumption that his trial counsel's decisions furthered a sound trial strategy, it remains doubtful that the cumulative testimony was harmful. *See, e.g., Ingham v. State,* 679 S.W.2d 503, 508–09 (Tex. Crim.App.1984) (considering factually similar claim of ineffective assistance and concluding that the harm caused "was not of a sufficient degree to constitute an unfair trial"); *Anderson v. State,* 871 S.W.2d 900, 904 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (concluding that failure to object to extraneous offenses was error but not sufficiently harmful to sustain ineffective assistance claim); *Braughton v. State,* 749 S.W.2d 528, 532 (Tex.App.—Corpus Christi 1988, pet. ref'd), *cert. denied,* 493 U.S. 870, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989) (failure to object to cumulative testimony is at least arguably harmless); *cf. Richardson v. State,* 744 S.W.2d 65, 85 (Tex.Crim.App.1987), *vacated on other grounds,* 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989) (discussing harmlessness of cumulative evidence in context of an illegal search).

## JURY CHARGE

■ Finally, no lack of confidence in the result of the trial rises from appellant's claim

that counsel should have objected to the nature-of-conduct language included in the mental state definitions. Whether aggravated sexual assault is a nature-of-conduct or result-of-conduct or combined offense has not been definitively settled. *See Cook v. State,* 884 S.W.2d 485, 492–94 (Tex.Crim.App.1994) (Maloney, J., concurring) (discussing the difficulty of categorizing aggravated sexual assault as either a result or nature crime); *Saldivar v. State,* 783 S.W.2d 265, 267–68 (Tex.App.—Corpus Christi 1989, no pet.) (noting that this issue has not been resolved by the Court of Criminal Appeals but treating the offense as a result crime).

Significantly, however, appellant's defense did not rest on a challenge to his requisite mental culpability. Consequently, appellant cannot meet the second prong of the *Strickland* test because the definitions as read to the jury were unlikely to have resulted in any harm. *Saldivar,* 783 S.W.2d at 268. Accordingly, appellant cannot base his ineffective-assistance claim on any error related to his trial counsel's failure to object to the charge.

After considering every component to appellant's claim of ineffective assistance of counsel, we overrule both points of error and affirm the judgment of the trial court.