Affirmed and Opinion filed July 3, 2002
















Affirmed and
Opinion filed July 3, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-01-00809-CR

          14-01-00810-CR

_______________

 

NATHAN ROSS
MORGAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from 178th District Court

Harris County, Texas

Trial Court Cause Nos. 849,299 and
849,300

__________________________________________________

 

O P I N I O N

            Appellant, Nathan Ross Morgan,
appeals his conviction for sexual assault of a child and indecency with a
child.  In six issues, appellant contends
(1) the trial court erred in admitting his written statement into evidence; (2)
the trial court erred in admitting evidence of extraneous offenses; (3) the
trial court erred in refusing to permit testimony regarding the complainant’s
style of dress when in his presence; and (4) he received ineffective assistance
of counsel.  We affirm.




 








                                                             I.  Background

            Appellant is the complainant’s
stepfather.  The complainant testified
that appellant sexually abused her from the time she was seven until she was
fifteen.  The abuse occurred four or five
times per week until she turned thirteen. 
The frequency of the abuse lessened when she turned thirteen, then
increased again when she turned fifteen. 
The last episode occurred in January or February 2000.  Most of these episodes occurred in her
bedroom.  She would wake up with
appellant touching her vagina.  Sometimes
he touched her vagina over her underwear, and sometimes he touched the outside
of her vagina under her underwear.  During
these episodes, she pretended to be asleep because she was frightened.  However, she would move, prompting appellant
to stop touching her and leave the room. 
On two or three occasions, appellant put his finger inside her vagina,
causing her pain.  On another occasion,
she awoke when appellant, who was naked, grabbed her hand and placed it on his
penis, but she immediately withdrew her hand. 
On one or two occasions, appellant exposed himself to the complainant.  On one such occasion, appellant stood by her
bed and masturbated.

            The complainant did not tell her
mother about the abuse because she was afraid that she would lose her mother
and family and because she knew that her mother would stay with appellant.  However, she eventually reported the abuse to
one of her adult brothers.  Her brothers
then removed her from the home.  She
briefly stayed with an aunt before going to live with her natural father in Maryland.  The complainant’s mother continued to live
with appellant after the complainant reported the abuse.  The mother died a week before trial.

            A doctor at the Children’s Assessment Center physically
examined the complainant.  She did not
find any abnormalities, which did not confirm or rule out sexual abuse.  She did note that the complainant had suffered
a urinary tract infection a year before the examination, which could be an
indicator of sexual abuse.

            On May 31, 2000, appellant gave a statement to the
police:

            I am here today
because my stepdaughter, [complainant], has accused me of sexually abusing
her.  I have been a good stepfather to
[complainant] and tried to give her everything that she has wanted.  I have in the past clipped her toenails,
rubbed her legs and back and if I did touch her vagina, then it was by
mistake.  I am not saying that I did, but
if I did it was by mistake.  I have been
using crack cocaine for approximately a year and I also used to drink a lot of
alcohol to the point that I was intoxicated. 
If I was to ever have touched 
[complainant] on her vagina on the outside or the inside of her vagina,
then it would have been while I was under the influence of crack cocaine and
alcohol, but I don’t remember ever doing that before to [complainant] to the
best that I can remember.  I have gone
into her bedroom before to cover her up and to kiss her goodnight before
also.  If [complainant] was to have seen
me masturbating myself, then it was because she had invaded my privacy and was
seeing something that she should not have seen. 
This is all that I know about the allegation of me sexually abusing
[complainant].

Appellant
did not testify at trial.  Several
friends and relatives of appellant testified that he and the complainant
appeared to have a normal father and daughter relationship. 

            At trial, the jury found appellant
guilty of indecency with a child and sexual assault of a child.  The trial court sentenced appellant to ten
years’ imprisonment.  This appeal
followed.

                                                   II.  Evidentiary Rulings 

            Appellant’s first five issues
address the trial court’s evidentiary rulings. 
We review a trial court’s ruling on the admissibility of evidence for
abuse of discretion.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  An
abuse of discretion occurs when a trial court’s actions are arbitrary and
unreasonable, without reference to any guiding rules or principles.  Lyles
v. State, 850 S.W.2d 497, 502 (Tex. Crim. App.
1993).  As long as the trial court’s
ruling was at least within the zone of reasonable disagreement, we should not
reverse.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990) (op. on reh’g).  If we determine that the trial court
committed error, we must then determine whether the error is reversible.  Tex.
R. App. P. 44.2(a).  If the error
is constitutional, we must reverse unless we determine beyond a reasonable
doubt that the error did not contribute to the conviction or punishment.  Id.  If the error is not constitutional, we must
determine whether it affected appellant’s substantial rights.  Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. 
King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997); Tucker v. State, 57 S.W.3d 229, 237 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).

                                                          A. 
Hearsay Objection

            In his first issue, appellant
contends that the trial court erred in admitting his written statement into
evidence because it was inadmissible hearsay. 
Hearsay is a statement, other than one made by the declarant
while testifying at trial, offered in evidence to prove the truth of the matter
asserted.  Tex. R. Evid. 801(d).  However, an admission by a party opponent is
not hearsay.  Tex. R. Evid. 801(e)(2).  Appellant contends that his statement was not
an admission by a party opponent because it was self-serving and, thus, was
inadmissible whether offered by him or the State.

            Appellant
is correct that a defendant’s own exculpatory statement is inadmissible hearsay
when offered by the defendant.  Womble v. State, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981). 
However, we reject appellant’s attempt to extend this rule to a
defendant’s statement offered by the state. A statement qualifies as an
admission by a party opponent if it is offered against the party and is the
party’s own statement.  Tex. R. Evid. 801(e)(2)(A);
see Jeffley v.
State, 38 S.W.3d 847, 861 (Tex. App.—Houston [14th
Dist.] 2001, pet ref’d).  Specifically, a defendant’s statement is not
considered hearsay when it is offered by the State.  Lagaite v. State,
995 S.W.2d 860, 863 (Tex. App.—Houston [1st Dist.] 1999, pet ref’d).  Appellant’s
own statement in this case clearly qualifies as an admission by a party
opponent because it was offered against him by the State.[1]

            Moreover, it is irrelevant whether
the statement was self-serving as appellant contends.  “Party admissions, unlike statements against
interest, need not be against the interests of the party when made; in order to
be admissible, the admission need only be offered as evidence against the
party.”  Trevino v. State, 991 S.W.2d 849, 853 (Tex. Crim.
App. 1999).  Nevertheless, we agree with
the State’s argument that the statement was
not self-serving.  Appellant’s
statements that if he did touch the complainant’s vagina, he did so while under
the influence of crack cocaine and alcohol, or by mistake, could be construed
as qualified admissions of the allegations. 
Because appellant’s statement was not hearsay, the trial court did not
err in admitting it into evidence.

            Appellant’s first issue is
overruled.

                                                         B. 
Extraneous Offenses

                                        1. 
Ongoing Sexual Abuse of Complainant

            In his second issue, appellant
contends that the trial court erred in admitting evidence of appellant’s
ongoing sexual misconduct with the complainant from 1992 to 2000 because the
State did not give timely notice of intent to use this evidence despite a
defense request.[2]  On March 16, 2001, appellant filed a “Motion for
Disclosure Pursuant to Rule 404, Rule 609, and Rule 37.07 of Texas Rules of
Criminal Evidence and Procedure,” in which he requested that the State’s notice
of intent to introduce extraneous evidence be made at least ten days before
trial.  Although the trial court granted
the motion by signing a printed order form, the court did not fill in a date by
which the disclosure had to be made.  On May 3, 2001, the State gave notice of
its intent to offer evidence that between 1992 and 2000, appellant caused the
penetration of the complainant’s sexual organ, engaged in sexual contact with
the complainant by touching her genitals, and exposed his genitals to the
complainant.  Trial began on May 7, 2001.

            Appellant complains that the State’s
May 3, 2001 notice was inadequate because it (1) violated the trial court’s
order that notice be given ten days before trial; (2) misled him  about the extraneous offenses the State
planned to introduce because in response to a previous motion by appellant, the
State filed notice only of its intent to introduce evidence of other sexual
misconduct on two specific dates, as well as appellant’s criminal history;[3] and
(3) was not reasonable because it was given on a Thursday, four days before
trial began on a Monday.  The State
contends that notice was reasonable and appellant waived his complaint because
he did not request notice under article 38.37 of the Texas Code of Criminal
Procedure.

            Generally, evidence of other crimes, wrongs, or acts is
not admissible to prove the character of a person to show action in conformity
therewith.  Tex. R. Evid. 404(b).  As an exception, evidence of other crimes,
wrongs, or acts may be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, absence of mistake
or accident, provided that upon timely request by a defendant, the state gives
reasonable notice in advance of trial of intent to introduce such evidence.  Tex. R. Evid.
404(b).  However, article 38.37 of the Texas Code of
Criminal Procedure supercedes Rule 404 in prosecutions for indecency with a
child and sexual assault of a child.  Tex. Code Crim.
Proc. Ann. art. 38.37 (Vernon Supp. 2002); see Hitt v. State, 53 S.W.3d 697, 705
(Tex. App.—Austin 2001, pet. ref’d); Conrad v. State, 10 S.W.3d 43, 46 (Tex.
App.—Texarkana 1999, pet. ref’d).  Article 38.37 provides in pertinent part:

            Sec. 2.
Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence
of other crimes, wrongs, or acts committed by the defendant against the child
who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including

            (1)       the state
of mind of the defendant and the child; and

            (2)       the
previous and subsequent relationship between the defendant and the child.

            Sec. 3. On timely request by the
defendant, the state shall give the defendant notice of the state’s intent to
introduce in the case in chief evidence described by Section 2 in the same
manner as the state is required to give notice under Rule 404(b), Texas Rules
of Criminal Evidence.  

Tex. Code Crim. Proc. Ann. art. 38.37,
§§ 2, 3.

            We agree with the State’s contention
that it was not required to give notice of its intent to introduce the evidence
at issue under article 38.37 because appellant did not request notice under
that article.  Rather, appellant’s
request was limited to notice under Texas Rules of Evidence 404 and 609[4] and
article 37.07 of the Texas Code of Criminal Procedure.[5]  A request for notice under these provisions
does not constitute a request for notice under article 38.37.  See
Hitt, 53
S.W.3d at 705–06 (holding that evidence of defendant’s extraneous sexual
offenses was admissible under article 38.37 despite lack of notice because
defendant requested notice under Rule 404 only).  The evidence qualified under article 38.37 as
evidence of other crimes, wrongs, or acts used to prove the previous and
subsequent relationship between appellant and the complainant.  Appellant concedes that this evidence was
addressed to the allegation that he repeatedly assaulted the complainant over
eight years.  Because appellant never
requested notice under article 38.37, the evidence was admissible despite the
timing of the State’s notice.

            Appellant’s second issue is
overruled.

                                                       2. 
Drug and Alcohol Use

            In his third and fourth issues,
appellant contends that the trial court erred in admitting his statement into
evidence because it contains evidence of extraneous offenses, specifically his
use of crack cocaine and alcohol.  He
contends that this evidence was inadmissible because (1) the State did not give
proper notice of its intent to use this evidence; and (2) it was not relevant
other than to show character conformance. 
The State argues that it was not required to give notice of its intent
to introduce this evidence because it was admissible and relevant as same
transaction contextual evidence.

            Extraneous evidence is inadmissible
if it is not relevant apart from supporting an inference of character
conformity.  Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at 386–87.  However, “it has long been the rule in this
state that the jury is entitled to know all the relevant surrounding facts and
circumstances of the charged offense; an offense is not tried in a vacuum.”  Pondexter v. State, 942 S.W.2d 577, 584 (Tex. Crim. App. 1996) (citing Moreno v. State, 721 S.W.2d 295, 301 (Tex. Crim.
App. 1986)).  “[W]here several crimes are
intermixed, or blended with one another, or connected so that they form an
indivisible criminal transaction, and full proof by testimony . . . of any one
of them cannot be given without showing the others,” the evidence is admissible
and relevant as same transaction contextual evidence, an exception to Rule
404(b).  Id. (citing Rogers v. State, 853 S.W.2d 29, 33 (Tex.
Crim. App. 1993)); see Tex. R. Evid. 404(b). 
Same transaction contextual evidence is admissible “only to the extent
that it is necessary to the jury’s understanding of the offense.”  Pondexter, 942 S.W.2d at 584 (citing England v. State, 887 S.W.2d 902, 915 (Tex. Crim.
App. 1994)).  The court should allow its
introduction “only when the offense would make little or no sense without also
bringing in the same transaction evidence.” 
Id. (citing England, 887
S.W.2d at 915).  Further, the requirement
that the State give reasonable notice before trial of its intent to offer
evidence of other crimes, wrongs, or acts does not apply to same transaction
evidence.  Tex. R. Evid. 404(b); Brown v. State, 978 S.W.2d 708, 712
(Tex. App.—Amarillo 1998, pet. ref’d); Hodge v. State, 940 S.W.2d 316, 319
(Tex. App.—Eastland 1997, pet. ref’d).

            In Heiman v. State, 923 S.W.2d 622 (Tex. App.—Houston [1st Dist.] 1995, pet.
ref’d), the court addressed whether a defendant’s
drug use was admissible as same transaction evidence in his trial for sexual
indecency with his daughter.  On the
occasion of the charged offense, the defendant injected the complainant with
cocaine.  After she removed her clothing
because the cocaine made her overheated, the defendant molested her.  The State introduced evidence that the
defendant and the complainant used cocaine and smoked marijuana together on
other occasions.  The complainant
testified that when the defendant injected cocaine, he propositioned her
sexually, exposed himself to her, and masturbated in her presence.  The court held that the evidence of cocaine
use at the time of the charged offense was admissible as same transaction
contextual evidence, but the evidence of cocaine use on other occasions was
not.  Id. at
626.  The court reasoned that it was not
necessary to the jury’s understanding of the events in question for the State
to introduce evidence of the defendant’s drug use on other occasions.  Id.; see Jackson v. State, 927 S.W.2d 740, 742 (Tex.
App.—Texarkana 1996, no pet.) (in defendant’s trial for shooting victim at a
house where the defendant, the victim, and several others were gathered,
evidence that the group was engaged in drug activity at the time was admissible
as same transaction contextual evidence); cf.
Couret v. State, 792 S.W.2d 106, 108 (Tex. Crim. App. 1990) (holding that defendant’s possession of a
hypodermic needle when arrested for burglary was inadmissible because there was
no indication that the defendant committed the burglary to obtain money to
support a drug habit).

            Applying the law to this case, we
hold that the evidence of appellant’s cocaine and alcohol use was admissible
and relevant as same transaction contextual evidence.  This evidence was related to the offenses at
issue and was not admitted only to show character conformity.  Appellant himself “blended” his cocaine and
alcohol use with the sexual abuse allegations by stating that if he did commit
the sexual abuse, it was while he was under the influence of cocaine and
alcohol.  Thus, his statement suggests
that the cocaine and alcohol use may have been the reason that the sexual abuse
occurred.  Cf. Macias v. State, 959
S.W.2d 332, 339 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d)
(explaining that murder defendant’s gang involvement was not same transaction
evidence because it was not part of the reason for the murder or part of the
explanation for why the murder occurred as it did).

            Furthermore, appellant’s statement
regarding his cocaine and alcohol use could be construed as a qualified
admission of the sexual abuse allegations. 
He denies that he ever touched the complainant.  However, his statement that if he ever
touched her, it was while he was under the influence of cocaine and alcohol
casts doubt on his denial.  It also
contradicts his claim that if he touched her, it was by mistake.  Thus, the evidence was relevant and necessary
proof of the charged offense.  See Lockhart
v. State, 847 S.W.2d 568, 571 (Tex. Crim. App.
1992) (holding that evidence of extraneous offenses that are indivisibly
connected to the charged offense and necessary to the State’s case in proving
the charged offense may be admissible to explain the context of the charged
offense). 

            We recognize that appellant’s
statement necessarily includes evidence of cocaine and alcohol use on occasions
other than the date of the charged offense. 
He stated that he used cocaine for a year before his statement to the police.  Also, he admitted to excessively consuming
alcohol.  Although the Heiman court held
that evidence of drug use on occasions other than the charged offense was not
same transaction evidence, this case is distinguishable from Heiman.  In Heiman, there was a clear distinction between drug use at
the time of the charged offense and drug use on other occasions.  In this case, appellant did not segregate his
possible cocaine and alcohol use on the occasion in question from his cocaine
and alcohol use on other occasions. 
Instead, his general statement showed that cocaine and alcohol use could
have precipitated the offenses occurring on or about November 30, 1999.  Thus, his entire statement regarding his
cocaine and alcohol use was necessary to the State’s proving that appellant
committed the offenses and the jury’s understanding of the context in which the
offenses occurred.  Because appellant’s
statement regarding cocaine and alcohol use was same transaction contextual
evidence, the State was not required to give advance notice of its intent to
offer the evidence.

            Appellant’s third and fourth issues
are overruled.

                                                C. 
Complainant’s Style of Dress

            In his fifth issue, appellant
contends that the trial court erred in refusing to admit testimony that the
complainant walked around in appellant’s presence dressed only in her bra and
underwear because this testimony was relevant to the complainant’s
credibility.  On cross-examination by the
State, appellant’s natural daughter testified that she did not believe the
complainant’s testimony, and the following exchange occurred:

Q.        If
I told you that it was a longer period than that, that it had been happening
since ’92, alleged to have happened since ’92, would that change your opinion?

            . . . .

A.        I
wouldn’t believe it because she was so affectionate.  She would walk around barely –

[State]:            I object, Your
Honor, Nonresponsive.

                        The Court:      Sustained.

Appellant
made no argument and provided no basis for the admissibility of the testimony
at this point.  When the State passed
this witness, appellant rested without redirect.  The State then rested and closed.  Before closing arguments and while the jury
was out of the courtroom, appellant’s counsel advised the trial judge that he wanted
to make a record “with regard to something.” 
Appellant’s daughter then testified that complainant regularly walked
around in appellant’s presence dressed only in her bra and underwear.  She further testified that while the
complainant was dressed this way in appellant’s presence, she was open,
comfortable, and affectionate.  After she
testified, appellant’s counsel stated “that’s my proffer.  That’s the testimony I would elicit in the
presence of the jury.”  The State then
argued, “that is not evidence of sexual misconduct, evidence of the
complainant’s demeanor in front of the defendant, therefore inadmissible.”[6]  According to the record, the trial court
ruled that “it will be secluded [sic].”

            Appellant maintains that this
testimony that the complainant was comfortable in appellant’s presence in
minimal clothing was inconsistent with her claims that appellant sexually
abused her for years.  However, we agree
with the State’s contention that appellant did not preserve error at trial.

            To preserve error, all a party must
do is inform the trial judge what he wants, why he is entitled to it, and to do
so clearly enough for the judge to understand him at a time when the trial
court is in a proper position to remedy the complaint.  Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992); see Tex.
R. App. P. 33.1(a);   

            To preserve error when evidence is
excluded, the proponent must make an offer of proof informing the trial court
of the substance of the excluded testimony unless the substance was apparent
from the context.   Tex. R.
Evid. 103(a)(2).  The proponent must establish
admissibility.  See Davis v. State, 645 S.W.2d 288, 291 (Tex. Crim. App. 1983). 
Generally, we cannot consider grounds that should have been called to
the trial court’s attention, but were not. 
Id. 

            Appellant did not offer any grounds
for admitting the excluded testimony when he made his offer of proof.  He did not suggest to the trial court the
relevancy theory of admissibility now raised on appeal.  Moreover, he did not object to the State’s
claim that the testimony was not offered as prior sexual conduct of the
complainant or otherwise respond to the State’s objection with an alternate
basis for admissibility.  Therefore,
appellant did not meet the requirement that he present his complaint to the
trial court with sufficient specificity to make the trial court aware of the
complaint.  See Tex.
R. App. P. 33.1(a)(1)(A).

            We recognize that sometimes an
otherwise general complaint will preserve error when the specific grounds are
apparent from the context in which it occurs.  See id.  However, this is not one
of those instances.  Appellant’s theory
that the proffered testimony was relevant to the complainant’s credibility was
not apparent from the context. 
Therefore, we conclude that appellant did not preserve his complaint
regarding exclusion of the testimony for appellate review.

            Appellant’s fifth issue is
overruled.

                                                III.  Assistance of Counsel

            In his sixth issue, appellant
contends that he was denied effective assistance of counsel at trial.  The standard for testing claims of
ineffective assistance of counsel was enunciated by the United States Supreme
Court in Strickland v. Washington,
466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986).  Accordingly, appellant must prove by a
preponderance of the evidence that (1) counsel’s representation fell below an
objective standard of reasonableness; and (2) the deficient performance
prejudiced his defense.  Strickland, 466 U.S. at 687–88;
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  To
meet this burden, appellant must prove his attorney’s representation fell below
the standard of prevailing professional norms and there is a reasonable
probability that the result of the trial would have been different but for his
attorney’s deficiency.  Strickland, 466 U.S. at 688,
694; Tong, 25 S.W.3d at 712.

            Appellant first complains that trial
counsel did not object to the following testimony of Detective T.K. Brinson,
the police officer who investigated the allegations.  While Detective Brinson was explaining his
training, he replied affirmatively when the State asked him

            “At those conferences
that you have attended, have they also talked to you about questioning
children, uhm, talking with children, determining
basically issues with regard to how to tell if a child is telling you the truth
or those type of things as well?”

 

            Appellant complains this testimony
amounted to an inadmissible indirect opinion that the complainant was telling
the truth about the sexual abuse. 
Appellant cites Kirkpatrick v.
State, 747 S.W.2d 833 (Tex. App.—Dallas 1987, pet. ref’d),
in which two psychologists testified that their training and experience
qualified them to determine whether a child’s outcry statement was true and
that the victim’s abuse was real.  The
court held that this testimony was inadmissible because an expert witness may
not give a direct or indirect opinion that a child sexual abuse complainant is
telling the truth.  Id. at
836–38.  Appellant also cites Miller v. State, 757 S.W.2d 880 (Tex.
App.—Dallas 1988, pet. ref’d), in which the court
held that a defendant’s trial counsel was ineffective for failing to object
when a parent, doctor, counselor, and police officer testified that they
believed a child sexual assault victim was telling the truth.  Finally, appellant cites Yount v. State, 872 S.W.2d 706, 712 (Tex. Crim.
App. 1993), in which the court held that an expert may not give an opinion that
a complainant or class of persons to which the complainant belongs is truthful.

            Unlike the experts in  Kirkpatrick
and Miller, Detective Brinson’s
testimony was not a direct or indirect opinion that the complainant was telling
the truth.  Rather, he merely responded,
“yes” when asked if he had received training to discern whether a child is
telling the truth.  The State then
continued with questions regarding other areas of his training.  The State did not use Detective Brinson’s
testimony regarding his training as a precursor for eliciting testimony from
him regarding the complainant’s truthfulness.  Cf. Martin v. State, 819
S.W.2d 552, 555 (Tex. App.—San Antonio 1991, no pet.) (testimony of a human
services representative who interviewed child sex abuse complainant was
inadmissible; she testified not only that she used her training to determine whether
child sex abuse victims were telling the truth, but also that she believed the
complainant was telling the truth). 
Although Detective Brinson testified about his investigation, he never
specifically opined that the complainant was telling the truth.  See
Wylie v. State, 908 S.W.2d 307,
309–10 (Tex. App.—San Antonio 1995, pet. ref’d)
(trial counsel was not ineffective in failing to object to the testimony of a
caseworker and doctor regarding their actions taken to investigate a child’s
sexual abuse allegations, the procedures used to examine abuse victims and
their experience; their testimony was not a direct opinion regarding the
child’s truthfulness and did not cross the line in an attempt to decide the
ultimate issue for the jury). 
Furthermore, Detective Brinson did not testify that child sex abuse
complainants always tell the truth, as prohibited by Yount.  Thus, trial counsel was not ineffective by
failing to object to Detective Brinson’s testimony.  See McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992), overruled on other grounds by Bingham v.
State, 915 S.W.2d 9 (Tex. Crim. App. 1994).

            Finally, the record is silent on
whether the lack of an objection was due to appellant’s counsel’s trial
strategy.  Counsel might well have strategized that he would not object to this testimony
because he later offered testimony attacking the complainant’s
truthfulness.  See Duhart v. State, 890 S.W.2d 187, 189
(Tex. App.—Corpus Christi 1994, no pet.) (no ineffective assistance in trial
counsel’s failure to object to mother and grandmother’s testimony that they
believed child sexual abuse complainant; trial counsel’s strategy was to attack
child’s credibility by showing discrepancy between child’s family members
professing to believe her and their subsequent inaction).  There is a strong presumption that a trial
counsel’s challenged actions “might be considered sound trial strategy.”  Strickland,
466 U.S. at 689; Jackson v. State, 877 S.W.2d 768, 771–72
(Tex. Crim. App. 1994).  Moreover, a claim of ineffective assistance
must be firmly supported by the record.  McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249, 263
(Tex. Crim. App. 1998).  Under the facts of this record, we find no
basis to set aside this strong presumption.

            Nevertheless, even if Detective
Brinson’s testimony were objectionable, we do not find a reasonable probability
that the result of the trial would have been different but for this
testimony.  See Strickland, 466 U.S. at 694; Tong, 25 S.W.3d at 712.  By the time the jury deliberated, appellant
had attacked the complainant’s credibility by eliciting testimony, as well as
arguing, that she was not believable.  At
that point, the jury had heard testimony from various witnesses sufficient to
assess the complainant’s credibility. 
Thus, we cannot conclude there is a reasonable probability that
Detective Brinson’s statement affected the outcome of the trial. 

            Appellant also complains of trial
counsel’s failure to object to the following portion of the State’s closing
argument: 

            [W]hen she told them
to the doctors, when she told them to Children’s Assessment Center and myself.  These are all people that are trained.

            You heard Detective
Brinson talked about he’s had numerous sources, how he’s been in Juvenile
Section to talk to juveniles to see if they’re telling the truth or not.  We had the head of the pediatric division,
Dr. McNeese up here to talk to you.  She’s talked to many people.

            The other reason why
you should believe [the complainant] is that her brother believed [her] as
well.

Appellant
contends that the State used its improper questioning of Detective Brinson as a
preface for improper closing argument. 
However, appellant attacked the credibility of the complainant.  Therefore, the State’s argument was a proper
response.  See Wylie, 908 S.W.2d at 310 (because the defendant attacked the
child sexual assault complainant’s credibility, the State’s jury argument
attempting to uphold the child’s credibility and inferring that the child had
convinced a number of witnesses was a proper response to the defense and a
reasonable deduction from the evidence). 
Accordingly, we find that trial counsel did not render ineffective assistance
by failing to object to the State’s argument.

            Appellant’s sixth issue is
overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Opinion filed July 3, 2002.

Panel consists of Justices Yates, Seymore and Guzman.

Do Not Publish — Tex.
R. App. P. 47.3(b).

 











            [1]  The State used the statement to attempt to discredit appellant’s
witnesses.  For example, the State asked
appellant’s nephew, “would it change your opinion of the defendant, Nathan
Morgan, if you knew that he had stated, well, if I touched [complainant’s]
vagina then I did it under the influence of crack cocaine or alcohol?”  The nephew responded, “To a certain degree,
yes” and “well, I would be very disappointed in him, yes.”  The State posed a substantially similar
question to all of appellant’s witnesses. 
The State also used appellant’s statement that he clipped complainant’s
toenails and rubbed her legs and back to question appellant’s witnesses,
implying that such actions towards a teenaged stepdaughter are not normal.  In closing argument, the State argued, “This
is a creepy statement.”  It also argued
that appellant’s witnesses changed their opinions of appellant after the contents
of the statement were disclosed to them. 
It further questioned how appellant would know to mention specifically
both the inside and outside of complainant’s vagina in his statement unless he
had touched these areas.





            [2]  Appellant was specifically charged with indecency with a child on or
about November 30, 1999 and sexual assault of a
child on or about November 30, 1999.





            [3]  On October 5, 2000, appellant filed a “Motion
for Discovery and Inspection and Notice Re: Tex.  R. Evid. 404(B) and
609 (F).”  On January 3, 2001, the State
filed a “Combined Texas Rules of Criminal Evidence 404 and 609 Notice and
37.07(G) Notice” stating its intent to introduce appellant’s 1988 DWI and 1976
burglary of a building convictions and evidence that appellant exposed his
genitals to complainant on May 15, 1999 and engaged in sexual contact with
complainant by touching her genitals on January 1, 2000.  





            [4]  Rule 609 permits evidence of certain crimes to impeach a witness.  Tex.
R. Evid. 609. 
A party must give notice of intent to introduce such evidence if timely
request is made by the other party.  Tex. R. Evid. 609(f).






            [5]  Article 37.07 permits certain evidence of a defendant’s character and
extraneous acts at the punishment phase of trial.   Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2002).  If timely requested, the state must give
advance notice of intent to introduce such evidence.   Id. § 3(g).





            [6]  The State’s argument is unclear, but it appears to be an argument that
the testimony is inadmissible as evidence of prior sexual behavior of the
complainant.