Johnny Albert **HEIMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–94–00312–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 17, 1995.

Linda G. Cryer, Houston, for appellant.

John B. Holmes, Jr., Dan McCrory, Brian Rose, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Johnny Albert Heiman, was convicted of indecency with a child, enhanced by two prior felony convictions. After the jury found appellant guilty, the trial court found the enhancements true and assessed punishment at 30 years confinement. We affirm.

The complainant, who was 16 years old at the time of the offense, is appellant's daughter. She testified that she lived with her mother and her physically-abusive stepfather. As a result of the abuse, the complainant left home to stay with friends. During this time, the complainant abused drugs and alcohol. Eventually, the complainant con-

tacted appellant. She asked him whether he was still using drugs, to which he replied affirmatively, and said that he would allow her to use drugs. Appellant later visited the complainant, and they smoked a "joint" together. The complainant then went to live with appellant in his apartment.

During the time they lived together, the complainant and appellant smoked marijuana and used cocaine. The complainant testified that when appellant injected cocaine, he frequently propositioned her sexually. On one occasion, appellant exposed himself and masturbated in the complainant's presence.

The charged offense occurred on or about September 25, 1993. The complainant testified that appellant injected the complainant with cocaine, and that she took off her shirt and shorts because the drug made her hot. After appellant injected her with more cocaine, the complainant became even hotter, so she removed her bra and panties and covered herself with a sheet. Appellant, who was also nude, asked the complainant if he could touch her breasts. The complainant replied, "whatever," and appellant touched her breasts and vagina.

Detective James Huckaby of the LaPorte Police Department testified that after receiving a call from Child Protective Services, he interviewed appellant regarding the charged offense. Huckaby testified that after he gave appellant his *Miranda*[1] warnings, appellant admitted that he had touched the complainant's breasts and genital area on September 25, 1992. Appellant told Huckaby that he was willing to make this admission because appellant believed that anything he said verbally could not be used against him.

Appellant testified in his own defense. He testified that although he had admitted Huckaby's allegations concerning his deviant incestuous behavior with his daughter, he had intended his admissions to be sarcastic or facetious. He denied ever having given the complainant cocaine or touching her breasts or vagina, and denied telling Huckaby that he thought verbal statements could not be used against him.

In his first point of error, appellant complains of the many extraneous offenses that were admitted below. During her testimony, the complainant alleged that over a two month period, appellant: smoked a joint with her; used cocaine with his girlfriend; asked the complainant to participate in sexual acts with appellant's girlfriend; injected cocaine into himself and helped the complainant inject cocaine; masturbated in front of her; exposed himself to her; and made lewd gestures to her.

To preserve error for review, a defendant must make a timely and specific objection. TEX.R.APP.P. 52(a); *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex.Crim.App. 1992) (to preserve error regarding the admission of an extraneous offense, the defendant must object that the evidence is inadmissible under TEX.R.CRIM.EVID. 404(b), after which the State must show that the proffered evidence is relevant apart from its tendency to show that the defendant is a criminal). Appellant made no objection to the introduction of the extraneous offenses, and any error is therefore waived. TEX.R.APP.P. 52(a). Appellant argues that the cumulative prejudicial effect of the extraneous offenses amounted to fundamental error.

We disagree. Fundamental error is error that "directly and adversely affects the interest of the public generally, as such interest is declared in statutes or the constitution of the State." *G.A.O. v. State*, 854 S.W.2d 710, 715 (Tex.App.—San Antonio 1993, no writ). Although, as we note in our examination of appellant's third point of error, it was error for the trial court to admit some of the extraneous offenses, we cannot say that the error was so egregious as to affect the interest of the public generally.

We overrule appellant's first point of error.

In his second point of error, appellant asserts that the evidence was insufficient to prove venue. However, appellant waived this issue by not raising it at trial. *Creekmore v. State*, 860 S.W.2d 880, 889 (Tex. App.—San Antonio 1993, no pet.) (opin. on reh'g).

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We overrule appellant's second point of error.

In his third point of error, appellant contends his trial counsel was ineffective (1) for failing to object to the admission of extraneous offenses; and (2) for not cross-examining the complainant regarding her previous sexual behavior.

■ Appellant must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Jenkins v. State,* 870 S.W.2d 626, 629 (Tex.App.—Houston [1st Dist.] 1994, no pet. h.). In determining whether trial counsel rendered deficient performance, we employ a strong presumption that counsel's conduct constitutes sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

**The extraneous offenses**

■ In determining whether counsel rendered deficient performance, the first issue we must decide is whether the extraneous offenses were objectionable in the first place, because an attorney's failure to object to admissible testimony does not constitute ineffective assistance. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ The general rule is that evidence of extraneous offenses is inadmissible to show character conformity. Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

Tex.R.Crim.Evid. 404(b). Rule 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Tex.R.Crim.Evid. 403. Together, rules 404(b) and 403 provide that evidence of extraneous offenses (or "bad acts") is admissible only if (1) it is relevant apart from its tendency to show character conformity, and (2) it is probative of some "elemental fact or an evidentiary fact of consequence to determination of the action." *Vernon v. State,* 841 S.W.2d 407, 411 (Tex.Crim.App.1992). The extraneous offenses admitted below fall into two categories: appellant's prior sexual behavior toward the complainant, and appellant's drug use.

**Drug use**

■ Relying on *Camacho v. State,* 864 S.W.2d 524, 532 (Tex.Crim.App.1993), the State argues that testimony concerning appellant's drug use was admissible as "same transaction contextual evidence," and was admissible to show how the charged offense unfolded and progressed. Specifically, the State argues that appellant's drug use served as "appellant's launching pad for sexual misconduct," and that it "illustrates the inextricable manner in which appellant used drugs as a vehicle for accomplishing his unlawful sexual proclivities."

■ We believe that the State has misconstrued the scope of the "same transaction contextual evidence" doctrine. "Same transaction contextual evidence" is admissible "only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence." *Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App.1993). The reason the "same transaction contextual evidence" is admissible "is simply because in narrating the one it is impracticable to avoid describing the other." *Id.; see also Mayes v. State,* 816 S.W.2d 79, 86–87 n. 4 (Tex.Crim.

App.1991). In other words, narrative necessity is an "other purpose" for which same transaction contextual evidence is admissible under rule 404(b). *Rogers*, 853 S.W.2d at 33.

Here, the only "same transaction contextual evidence" was the evidence that appellant injected cocaine into himself and the complainant at the time of the charged offense. It simply was not *necessary* to the jury's understanding of the events in question for the State to introduce evidence of appellant's drug use on other occasions.[2]

Having determined that evidence of appellant's drug use on occasions other than the charged offense was objectionable under rule 404(b), we turn to evidence concerning appellant's prior sexual behavior.

### Sexual misconduct

■■■ The State, relying on our opinion in *Pavlacka v. State*, 848 S.W.2d 325, 327 (Tex.App.—Houston [1st Dist.] 1993) (*Pavlacka I*), rev'd, 892 S.W.2d 897, 903 (Tex. Crim.App.1994), argues that evidence of appellant's prior sexual misbehavior toward the complainant was admissible to rebut appellant's denial of the charged offense. It is true that this Court has held that in the prosecution of a parent for a sexual offense against a child, where the credibility of the child has been called into question, the probative value of evidence of extraneous sex acts between the same individuals will ordinarily outweigh its prejudicial effect. *Pavlacka I*, 848 S.W.2d at 327 (citing *Montgomery v. State*, 810 S.W.2d 372, 394 (Tex.Crim. App.1990) and *Vernon v. State*, 841 S.W.2d 407, 411 (Tex.Crim.App.1992)). However, our decision in *Pavlacka I* was recently reversed by the Court of Criminal Appeals. *Pavlacka v. State*, 892 S.W.2d 897, 903 (Tex. Crim.App.1994) (*Pavlacka II*). There, the Court of Criminal Appeals held that an impeached complainant cannot rehabilitate himself. *Pavlacka II*, 892 S.W.2d at 902. Specifically, the Court of Criminal Appeals held that after the complaining witness is impeached, "the State may counter with evidence that *logically* rehabilitates that complainant" such as prior consistent statements, expert testimony explaining why child com-

plainants may seem to lie, evidence of good character for truthfulness, or any evidence that logically corroborates the complainant's account. *Id.* (emphasis added). "The mere repetition of allegations from a source of dubious credibility does not render that source any more credible." *Id.*

In this case, the only testimony concerning appellant's sexual behavior toward the complainant came from the complainant. Accordingly, we find that evidence of appellant's extraneous sexual misbehavior was inadmissible under *Pavlacka II*.°

### Counsel's strategy

■■■ Having decided that evidence of appellant's extraneous offenses was objectionable, we turn to the question of whether trial counsel was deficient for not objecting to it. Relying on *Ahmadi v. State*, 864 S.W.2d 776, 783 (Tex.App.—Fort Worth 1993, no pet.), the State asserts that the failure to object to inadmissible testimony can constitute a sound and plausible trial strategy. We agree.

It was apparent from the beginning of the trial that the central issue in the case would be the credibility of the complaining witness. During voir dire, counsel for appellant stated to the jury that their duty would be to decide whether the State's witnesses "are not credible, you don't believe them, you think they are lying, *confused*, been through a lot, they've *hallucinated, fantasized, whatever* ..." Trial counsel continued to explain that "there is not going to be a lot of experts coming into this trial ... just the word of two people. And your job is to measure the credibility of those two people ..." Appellant's only real strategy was to challenge the credibility of the complainant.

In *Ahmadi*, the court held that the decision not to object can be a plausible trial strategy as part of an attempt to create the appearance of being open and completely honest with regard to all questions. 864 S.W.2d at 783. Indulging the strong presumption that trial counsel was following a sound trial strategy, we find that although this evidence was objectionable, on the facts

---

**2.** Likewise, it was not *necessary* for the jury to hear evidence of appellant's lewd behavior to-

ward the complainant on occasions other than the charged offense.

of this case it was plausible for trial counsel to refrain from objecting.

Clearly, trial counsel tried to prepare the jury for a defense theory that the complainant was confused about the facts because of persistent drug use. By using the terms "hallucinate" and "fantasize," counsel planted the seeds in the jury's mind that the complainant's story of the assault was a drug induced fairy tale. Such a theory was plausible even if ultimately rejected by the jury. Counsel could also have intended to create the appearance that there was no need to bother objecting to the complainant's testimony because it was not worthy of belief.

We might be faced with a different situation if there were evidence in the record (such as an affidavit from trial counsel as part of a motion for new trial) that at the time the extraneous offenses were elicited, trial counsel had no such trial strategy. In this case, however, there is nothing in the record to overcome the strong presumption that counsel's actions constituted sound trial strategy. Absent evidence to the contrary, we hold that counsel was not ineffective for failing to object to evidence of extraneous offenses.

**Complainant's promiscuity**

 Appellant also argues that his trial counsel was ineffective for not cross-examining the complainant about her previous sexual behavior. Specifically, appellant argues that his trial counsel should have explored this matter to raise the then-allowed affirmative defense of promiscuity.[3]

This argument fails for several reasons. First, it was clearly sound trial strategy to refrain from attacking the victim's character in this manner. It is quite conceivable that the jury would have found this strategy repugnant, particularly in light of the fact that appellant was the complainant's father.

Second, an allegation of ineffectiveness must be firmly founded in the record. *Ex*

*parte Cruz*, 739 S.W.2d 53, 59 (Tex.Crim. App.1987). Here, the record is devoid of evidence that the complainant had engaged in any prior sexual conduct. Thus, any harm to appellant is pure conjecture.

We overrule appellant's third point of error.

We affirm the judgment of the trial court.

COHEN and ANDELL, JJ., also participating.

---

**3.** At the time of trial, it was a defense to prosecution of indecency with a child if the child was 14 years of age or older and had, prior to the time of the alleged offense, engaged promiscuously in (1) sexual intercourse; (2) deviate sexual intercourse; (3) sexual contact; or (4) indecent exposure. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 883, 918, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3644. The complainant's promiscuity is no longer a defense to indecency with a child. *See* Tex. Penal Code Ann. § 21.11(b) (Vernon 1994).