NUMBER 13-03-625-CR
                                                         13-03-626-CR
                                                         13-03-627-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
CALIXTO GOMEZ,                                                                      Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 185th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Garza
 
Following a jury trial, Calixto Gomez was convicted of one count of possession of
a controlled substance and two counts of delivery of a controlled substance and sentenced
to fifty years’ imprisonment. Gomez appeals his convictions by two issues: (1) he was
given ineffective assistance of counsel at trial and (2) attorney Ralph Martinez was
improperly allowed to represent him. We overrule appellant’s two issues and affirm the
judgment of the trial court. 
I. 
A two-prong test is used to determine whether representation was so inadequate
that it violated the Sixth Amendment right to counsel. Munoz v. State, 24 S.W.3d 427, 433
(Tex. App.—Corpus Christi 2000, no pet.) (citing Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986)). First, trial
counsel’s performance must fall below an objective standard of reasonableness. Id. (citing
Strickland, 466 U.S. at 687–88). To make this showing, appellant must overcome a strong
presumption that counsel’s performance fell within the wide range of reasonable
professional assistance. Id. at 434 (citing Thompson v. State, 9 S.W.3d 808, 812–14 (Tex.
Crim. App. 1999); Tijerina v. State, 921 S.W.2d 287, 289 (Tex. App.—Corpus Christi 1996,
no pet.)). Second, appellant must prove, by a reasonable probability, that counsel’s
deficient performance prejudiced the defense—that, but for counsel’s errors, the result of
the proceeding would have been different. See id. at 433 (citing Strickland, 466 U.S. at
694). A reasonable probability is a probability sufficient to undermine confidence in the
outcome of the proceeding. Id. at 433–34 (citing Strickland, 466 U.S. at 693).
Appellant bases his ineffectiveness claim on seven alleged deficiencies in counsel’s
representation: (1) trial counsel repeatedly conceded appellant’s guilt; (2) trial counsel’s
cross examination of witnesses bolstered the State’s case; (3) trial counsel made only one
objection during trial; (4) trial counsel failed to object to inadmissible testimony; (5) trial
counsel failed to make an opening statement; (6) trial counsel presented no evidence; and
(7) trial counsel’s closing argument presented a theory supporting conviction rather than
acquittal. 
Having reviewed the record, we cannot conclude that counsel’s performance fell
below an objective standard of reasonableness. See id. Three of the alleged deficiencies
in counsel’s performance are not necessarily deficiencies at all. For instance, whether to
deliver an opening statement is entirely optional. See Calderon v. State, 950 S.W.2d 121,
127 (Tex. App.—El Paso 1997, no pet.) (“The option for defense counsel to deliver an
opening statement immediately after the State makes its opening statement is entirely
discretionary.”). Few matters during a criminal trial could be more imbued with strategic
implications than the exercise of this option. Id. Likewise, there is no precedent mandating
that effective representation involve more than one objection during trial. Finally, the
decision to present testimony lies well within counsel’s professional judgment. See id. at
127–28 (holding that counsel’s representation was not ineffective even though counsel did
not make an opening statement or present testimony). Although the remaining complaints
about counsel’s performance are also without merit, they require closer examination. 
At trial, the State presented overwhelming proof of appellant’s guilt on all three
counts. Appellant was arrested during an undercover sting operation. The evidence,
including a surveillance video, shows that appellant sold four ounces of black tar heroin to
an undercover police officer for $4,800. Roughly a week later, appellant sold twenty
ounces of heroin to the same officer for $20,000. After the transaction, the undercover
officer arrested appellant, and appellant was taken to his apartment, where he gave police
officers written consent to search the premises for more drugs. Inside the apartment, the
officers discovered eight pounds of heroin, worth approximately $1.3 million. According
to the State, this is the largest amount of heroin ever seized by the Houston Police
Department. 
Appellant’s trial counsel did not present any testimony at trial but did cross examine
the State’s witnesses. Despite appellant’s contentions to the contrary, we cannot conclude
that counsel’s questioning bolstered the State’s case. In fact, counsel’s cross
examinations appear to have been designed to undermine the State’s case. Counsel
apparently sought to prove that other individuals were involved in the transactions and that
these other individuals actually had possession of the enormous quantity of heroin found
in appellant’s apartment. To this end, counsel questioned the police officers about a
vehicle seen in the vicinity where the drug transactions occurred and asked whether the
occupants of the vehicle could have been conducting counter-surveillance. Counsel also
questioned one of the officers as to whether he saw a second individual, known as Aguirre,
exit appellant’s apartment and deliver heroin to appellant, which appellant then delivered
to the undercover officer.
Counsel’s closing argument also emphasized the involvement of other individuals
in the transactions. According to counsel, it was the “big boss” who actually owned and
controlled the heroin found in appellant’s apartment. It was also the “big boss” who
profited from the transactions. In counsel’s words          You see, the big boss, the owners of the drugs, the ones who control
things, the big players, the guys who should be held responsible if you really
want to make a dent in this ugly business you will never see. Never. They’re
not the ones who make the deals. They are not the ones that negotiate. 
They’re the ones that watch. They’re the ones that create buffers. They’re
the ones that tell . . . ignorant people, desperate people how they can make
money, use them and hide them.
          What you saw when they were engaged in those negotiations, you
saw a puppet, a flunky, you might have seen someone who was a front but
you didn’t see the person who put the drugs in that house and you didn’t see
the ones who were controlling the transaction. 
 
Counsel apparently conceded appellant’s guilt on the counts involving delivery of heroin
to an undercover police officer and instead focused on creating a reasonable doubt as to
whether appellant had possession of the heroin in his apartment. Given the seemingly
irrefutable proof of appellant’s guilt on the delivery counts, we cannot conclude that
counsel’s strategy fell below an objective standard of professional reasonableness. See
Jordan v. State, 859 S.W.2d 418, 422 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (“It
is logical to conclude that trial counsel, faced with overwhelming evidence of appellant’s
guilt, chose to placate the jurors rather than to possibly antagonize them with an
impassioned, though weakly supported, plea for a verdict of not guilty.”). To the contrary,
the record shows that, throughout trial, counsel sought to mitigate appellant’s culpability
by portraying him as a mere underling in a multi-million-dollar drug-trafficking enterprise. 
This strategy culminated in a closing argument in which counsel asked the jury to find that
appellant did not have possession of the drugs discovered in his apartment. Based on the
record before us, we cannot conclude that counsel’s performance amounted to ineffective
assistance. See Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (stating that
appellate court cannot conclude the challenged conduct constituted deficient performance
unless the conduct was so outrageous that no competent attorney would have engaged
in it). 
          Appellant’s final complaint regarding counsel’s performance is that he did not object
to certain testimony that appellant now contends was inadmissible.


 The record provides
no insight into counsel’s reasons for not objecting to the testimony, and we will not
speculate as to such reasons. Davis v. State, 930 S.W.2d 765, 769 (Tex. App.—Houston
[1st Dist.] 1996, no pet.) (citing Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994)). Whether to make an objection is a strategic decision within an attorney’s
professional judgment. See Heiman v. State, 923 S.W.2d 622, 626 (Tex. App.—Houston
[1st Dist.]1995, pet. ref’d n.r.e.) (holding that “failure to object to inadmissible testimony can
constitute a sound and plausible trial strategy”). Given that the record affords no basis for
reviewing the reasons for counsel’s decisions not to object, we cannot conclude that
counsel’s assistance was ineffective. See Garcia, 57 S.W.3d at 440. Appellant’s first
issue is overruled. 
II.
          In his second issue, appellant contends that the trial court erred in allowing attorney
Ralph Martinez to substitute for attorney Israel Santana, appellant’s retained counsel. The
record does not show that Martinez substituted for Santana; it indicates that both attorneys
were present during appellant’s trial. Furthermore, appellant agreed on the record to allow
Martinez to represent him. If the trial court erred by allowing Martinez to act as counsel for
appellant, such error was waived by appellant’s failure to object. See Tex. R. App. P.
33.1(a); Emerson v. State, 756 S.W.2d 364, 369 (Tex. App.—Houston [14th Dist.] 1988,
pet. ref’d). Appellant’s second issue is overruled. 
III. 
          The judgment of the trial court is affirmed.  
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 21st day of April, 2005.