Affirmed and Memorandum Opinion filed May 27, 2008








Affirmed and Memorandum Opinion filed May 27, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00296-CR

____________

 

DONALD RAY IDLEBIRD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1,396,606

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Donald Ray Idlebird of
misdemeanor assault.  In three issues, appellant claims that the evidence is
factually insufficient to support his conviction, the State=s expert witness
testimony was inadmissible, and he received ineffective assistance of counsel. 
We affirm.

I.  Factual and Procedural Background








Complainant Ira Johnson, appellant=s girlfriend of
five years, called 911 on August 16, 2006, claiming that appellant had punched
and choked her.  Officer Richard Crabtree responded to the 911 call and found
that Johnson had locked herself in the bathroom.  Johnson=s hair and clothes
were in disarray, she was crying, and she had a cut on her lip.  Johnson
repeated to Officer Crabtree that appellant had assaulted her by punching and
choking her.  She claimed he punched her when they were outside in the front
yard and he choked her inside the house in the bathroom.  Officer Crabtree took
appellant into custody on grounds of suspected domestic abuse.

Johnson testified for the defense at trial, relating a
version of events that differed substantially from both the 911 tape and
Officer Crabtree=s testimony.  Johnson claimed that she,
appellant, and several family members were out in the front yard joking
around.  Johnson was wearing a ring appellant had given to her.  When Johnson
joked with her family members that the ring was an engagement ring, appellant
demanded that she either give him the ring back or behave.  Johnson testified
that appellant noticed a tiny drop of blood on Johnson=s lip and wiped it
off.  Johnson went inside to the bathroom to look at her lip, and appellant
followed her.  While in the bathroom, appellant again requested the ring. 
Johnson testified that she gave him the ring and then called 911 because she
was angry at him and wanted her ring back.  

The State attempted to impeach Johnson by questioning her
about a conversation Johnson had with an employee at the Harris County District
Attorney=s Office (DA=s Office) a couple
of days after the incident.  Johnson testified that she did not recall telling
the employee that appellant had pushed her hard against the bathroom wall, put
his left hand around her throat, and choked her.  She testified that she told the
employee she wanted the charges against appellant dropped.  Johnson also
testified that in October of 2006, she again spoke with the DA=s Office, telling
them that the only reason she had called 911 was because she wanted appellant
to give back her ring.  

A jury found appellant guilty of assault and sentenced him
to one year in jail, probated.  This appeal followed.








II.  Analysis

In his first issue, appellant contends that because Johnson
recanted her allegation of abuse on the witness stand, the evidence is
factually insufficient to support his conviction. In reviewing factual
sufficiency, we do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997).  Instead, we ask Awhether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury=s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof.@  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). We will set aside a verdict for factual insufficiency
only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Wesbrook v. State, 29 S.W.3d 103, 112 (Tex.
Crim. App. 2000).








At trial, the State played Johnson=s 911 call for the
jury, in which she complained that appellant punched and choked her.  Officer
Crabtree testified that Johnson said essentially the same thing to him when he
responded to the 911 call.  However, at trial Johnson denied that any abuse had
occurred.  Any conflict in the testimony is for the jury to resolve.  Wyatt
v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  As the trier of fact,
the jury was the sole judge of the credibility of the witnesses and was free to
accept or reject all or part of the witnesses= testimonies.  See
id.  Here, the jury was free to believe the 911 tape and Officer Crabtree=s version of the
events over Johnson=s trial testimony.  See Bufkin v. State,
179 S.W.3d 166, 170 (Tex. App.CHouston [14th Dist.] 2005) (holding
evidence was factually sufficient to support assault conviction because jury
was free to rely on evidence presented by State and to disbelieve complainant=s trial testimony
in which she recanted), aff=d on other grounds, 207 S.W.3d 779
(Tex. Crim. App. 2006).  Furthermore, the State impeached Johnson by attempting
to show that she told an employee at the DA=s Office about the
alleged assault.  Considering the evidence as a whole, the fact that Johnson
recanted her allegations of abuse does not greatly outweigh the evidence
supporting the jury=s verdict.  We conclude the jury=s decision was not
so contrary to the weight of the evidence as to be clearly wrong and manifestly
unjust.  We overrule appellant=s first issue.

In his second issue, appellant maintains that the State=s expert, social
worker Erica Hoffman, did not meet the qualifications for expert testimony as
set out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,
591 (1993).  Specifically, appellant complains about Hoffman=s qualifications
and methodology and asserts that because Hoffman did not Afit@ her testimony to
the facts of the case as required by Daubert, her testimony was not
relevant.  See id.  Appellant argues that the State introduced
Hoffman=s testimony merely
to bolster the State=s case through implication.  As a result,
appellant claims admission of Hoffman=s testimony was so
prejudicial and unfair as to amount to fundamental error requiring reversal. 
The State replies that appellant failed to preserve error with respect to this
issue.  We agree.

Generally,
to preserve error for appellate review, the complaining party must demonstrate
that he lodged an objection and stated the basis for the objection with
sufficient specificity to make the trial court aware of the complaint.  Tex. R. App. P. 33.1(a)(1)(A). 
Objections to a witness=s qualifications or methodology or to the relevance of the
expert=s testimony cannot be raised for the
first time on appeal.  See Tex.
R. App. P. 33.1(a); Maritime Overseas Corp. v. Ellis, 971 S.W.2d
402, 411 (Tex. 1998) (holding party who failed to object to scientific
reliability of expert witnesses at trial could not raise issue for first time
after jury reached a verdict); Wilson v. State, 7 S.W.3d 136, 145 (Tex.
Crim. App. 1999) (holding failure to apprise trial court of objections to
expert witness=s qualifications resulted in waiver on appeal).  At trial, appellant
objected only once towards the end of Hoffman=s testimony on grounds that it was
speculative.  Appellant did not voice any objections to Hoffman=s qualifications or methodology, or
claim that her testimony was unfairly prejudicial, and thus he failed to
preserve these issues for appellate review.  We overrule appellant=s second issue.








In his
third issue, appellant contends his trial counsel performed deficiently by
failing to object to Hoffman=s qualifications, methodology, the relevance of her
testimony, and that her testimony was highly prejudicial.  The standard under
which we analyze whether trial counsel provided effective assistance was
established in Strickland v. Washington, 466 U.S. 668, 687 (1984).  The
reviewing court must first decide whether trial counsel=s representation fell below an
objective standard of reasonableness under prevailing professional norms.  Id.
at 690.  If counsel=s performance fell below this standard, the reviewing court
must decide whether there is a Areasonable probability@ the result of the trial would have
been different but for counsel=s deficient performance.  Id. at 694.  In reviewing
counsel=s performance, we begin with the
strong presumption that counsel was competentCthat her actions and decisions were
reasonably professional and motivated by sound trial strategy.  See Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.  See Thompson, 9 S.W.3d at 813.









The
record in this case is silent as to why appellant=s trial counsel did not raise the
above objections to Hoffman=s testimony.  When the record is silent, we may not speculate
about the reasons underlying counsel=s decisions.  See Perez v. State,
56 S.W.3d 727, 731 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  On such a silent record, this
court can only find ineffective assistance if the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  See
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Given
Hoffman=s experience, education, training,
and the fact that other Texas courts have found expert testimony on the
behavior of battered women admissible,[1] counsel may
have reasonably decided that any objections as to Hoffman=s qualifications or the relevance of
her testimony were unnecessary and would be overruled.  See Edmond v. State,
116 S.W.3d 110, 115 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (holding trial counsel is not
ineffective for failing to make a frivolous objection).  Moreover, the decision
to refrain from objecting further to Hoffman=s testimony could have been part of a
valid trial strategy.  During closing argument, counsel attempted to discount
the value of Hoffman=s testimony by saying, AAnd so, not much evidence there. 
Just a lot of factsCwell, not facts, just a lot of family violence.@  Counsel may therefore have
intentionally refrained from objecting in an attempt to create the appearance
that because Hoffman mainly testified about the dynamics of family violence and
said little regarding the specific, alleged offense, there was no need to
bother raising any further objection to her testimony.  See Heiman v. State,
923 S.W.2d 622, 624, 626B27 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d) (concluding failure to object to
inadmissible, extraneous evidence of appellant=s sexual misconduct and drug use could
have been result of valid strategy to create appearance that there was no need
to bother objecting, because testimony was not worthy of belief).  Appellant
has not shown that counsel=s conduct was so outrageous no competent attorney would have
engaged in it, and thus he cannot meet the first prong of Strickland. 
We overrule appellant=s third issue.

We
affirm the trial court=s judgment.

 

/s/        Leslie B. Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed May 27, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  See Fielder v. State, 756 S.W.2d 309, 321
(Tex. Crim. App. 1988) (finding expert testimony on battered women relevant and
helpful because it assisted lay persons in understanding the Aconduct of a woman who endures an abusive relationship@); Parson v. State, 193 S.W.3d 116, 126 (Tex.
App.CTexarkana 2006, pet. ref=d) (holding trial court did not err in admitting expert opinion
testimony on Abattered woman=s
syndrome@); accord Mulvihill v. State, 177 S.W.3d 409,
414 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d) (affirming trial court=s implied finding that counselor was qualified to
testify as an expert on symptoms exhibited by sexually abused children based on
her education, training, and experience).