NO. 07-07-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2008

_____

GEORGE WAYNE ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;

NO. 722487; HONORABLE JON WISSER/MIKE DENTON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, George Wayne Anderson, was convicted of assault and family violence, and punishment was assessed at one year confinement and a $4,000 fine. The trial court suspended the sentence in favor of misdemeanor community supervision for eighteen months and payment of a $3,200 fine. On appeal, Appellant raises a single issue. He

contends his counsel was ineffective because he failed to object to testimony related to extraneous bad acts.  We affirm.

## Background

On February 27, 2006, the State charged Appellant with assault on a family or household member, Cynthia Reiley.  At trial, Reiley testified that the assault was the culmination of an ongoing argument between Appellant and Reiley lasting two weeks. During these arguments, Appellant threatened to kill her.  On January 6, 2006, Appellant accused Reiley of taking his credit cards.  He was upset, angry, and screaming.  He grabbed her in the hallway of their apartment and slammed her against the wall.  After more accusations, he placed her in a chair and tied her wrists behind her with a nylon jacket so tight he cut the circulation off to her hands.  He left her tied in the chair for approximately thirty minutes while he located his credit cards.  When he released her, a vein in her hand exploded.  Appellant had hidden the telephones and barricaded the front door so she could not leave.  She subsequently crawled out the window and ran to Patricia Sobal, property manager for the apartment complex, in the parking lot.

Sobal testified she had her assistant call 911 after she became aware of a disturbance at the apartment complex.  She observed Reiley exit the apartment.  She testified Reiley's hands were black, her wrists and hands injured, she was distressed and crying.  Sobal also observed Appellant telling residents to flee because bombs were going to explode.  She described him as half-dressed and ranting.

2

Jack Eastland, police officer for the Austin Police Department, arrived at the apartment complex and observed Appellant throwing household items from his window. He observed the apartment in a ransacked condition, located the nylon jacket used to tie Reiley's hands, and observed multiple bruising about Reiley's arms, wrists, and hands. When Appellant was informed he was under arrest, he resisted and fought with the officers. Three to four officers were necessary to handcuff Appellant's hands behind his back. APD police officers, Christian Minus and Brian Preusse, corroborated Eastland's testimony.

Appellant testified he grabbed Reiley by the wrists and tied her hands behind her in a chair with his windbreaker so she could not run out the door. When she started to pull away, he tightened the double knot. Afterwards, he gave her ice because her wrists were red. At the trial's conclusion, the jury found Appellant guilty of assault with bodily injury on a family or household member.

**Discussion**

Appellant asserts that his counsel's failure to object to testimony by Sobal and Preusse rendered his counsel's assistance ineffective. Sobal testified that, shortly after the incident, she observed Appellant's apartment window broken, Appellant inside the apartment without keys, and his subsequent fight with police. Preusse testified that, approximately a week or two after the incident, he responded to a call and observed Appellant running down the middle of a street half-dressed with cuts, smearing blood on

windows, and yelling at people. Preusse testified four to five officers were necessary to restrain him. Appellant asserts the State adduced evidence of extraneous bad acts to establish Appellant's propensity for violence and prejudiced the jury against him.

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Appellant has the burden to show by a preponderance of evidence (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). We examine the totality of counsel's representation to determine whether Appellant received effective assistance but do not judge counsel's strategic decisions in hindsight. 9 S.W.3d at 813. Rather, counsel's conduct is viewed with great deference. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 812.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that

4

counsel's conduct was reasonable and professional." *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is generally the case because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex.Crim.App. 2003); *Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003). The proper procedure for raising a claim of ineffective assistance is almost always habeas corpus. *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003).

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex.App.–Fort Worth 2001, pet. ref'd). A motion for a new trial claiming ineffective assistance of counsel was not filed in the trial court, no hearing was held to determine whether Appellant's present complaints of ineffective assistance involved actions that may or may not have been grounded in sound trial strategy, and the record does not reflect counsel's reasons for failing to object to the challenged testimony.

That said, Appellant's counsel may not have wanted to highlight these subsequent incidents to create the appearance Appellant was being open and honest on all questions. These are sound and plausible trial strategies. *See, e.g., Heiman v. State,* 923 S.W.2d 622, 626 (Tex.App.–Houston [1st Dist.] 1995, pet. ref'd); *Ahmadi v. State*, 864 S.W.2d 776, 783 (Tex.App.–Fort Worth 1993, no pet.). Undermining the credibility of the State's witnesses was a trial strategy pursued by Appellant's counsel. He repeatedly challenged

Reiley's credibility during the State's case and her credibility as well as the APD officers during Appellant's testimony. Nevertheless, Appellant's complaint requires us to speculate on defense counsel's trial strategy which we may not do, *Rios v. State*, 990 S.W.2d 382, 386 (Tex.App.–Amarillo 1999, no pet.), and, in the absence of reasons for counsel's failure to object, we cannot conclude his failure to object was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

In addition, Appellant has failed to establish a reasonable probability that, but for counsel's unprofessional errors, if any, the result of the proceeding would have been different. An assault is committed when a "person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." Tex. Penal Code Ann. § 22.01(a)(1) (Vernon 2003). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* at § 1.07(a)(8). The definition is broad and encompasses even relatively minor physical contacts as long as they constitute more than mere offensive touching. *Lane v. State*, 763 S.W.2d 785, 786 (Tex.Crim.App. 1989) (physical pain when wrist twisted causing a bruise).

Appellant does not address the victim's testimony regarding her injuries which was corroborated by Sobal, the Austin police officers, and physical evidence–photographs. Neither does Appellant address his own testimony that he grabbed Reiley by the wrists, tied her to the chair with the windbreaker in a double knot, tightened the knots when she

6

resisted and, after untying her, fetched ice because her hands were red. Thus, even if the trial court had ruled that the extraneous conduct of which Appellant complains was inadmissible, Appellant has not shown a reasonable probability that the result would have been different. Appellant's issue is overruled.

## Conclusion

Having overruled Appellant's issue, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.